**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC NAVICKAS and JAY LININGER,<br><br>    Plaintiffs - Appellants,<br><br> v.<br><br>SCOTT CONROY, in his official capacity as Forest Supervisor of the Rouge River Siskiyou National Forest and UNITED STATES FOREST SERVICE, a federal agency,<br><br>    Defendants - Appellees. | No. 13-35132<br><br>D.C. No. 1:10-cv-03004-CL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Argued and Submitted May 15, 2014
Portland, Oregon

Before: GOODWIN, IKUTA, and N.R. SMITH, Circuit Judges.

 Eric Navickas and Jay Lininger (collectively, Navickas) sued Scott Conroy

and the United States Forest Service (collectively, Forest Service) alleging

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

violations of the National Forest Management Act (NFMA) and the National Environmental Policy Act (NEPA) in the Forest Service's analysis and adoption of the Ashland Fire Resiliency Project (the Project). Navickas appeals from the district court's grant of summary judgment in favor of the Forest Service. We have jurisdiction under 28 U.S.C. § 1291, and we reverse in part and affirm in part.

The district court abused its discretion in admitting the third declaration from Donald Boucher to supplement the administrative record, because the Forest Service failed to demonstrate that the declaration satisfied any of the four narrow exceptions to the general rule against such supplementation. *See Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2004). Contrary to the Forest Service's argument, the declaration's post hoc explanation of how the implementation of the Project *could* comply with the Land Resources Management Plan (LRMP) did not show that the agency had considered relevant factors at the time it approved the Project. For the same reason, we reject the Forest Service's argument that the Boucher declaration rendered Navickas's NFMA claim regarding soil exposure in Management Area 26 moot.

The parties have assumed that Table III-15 of the Project's Final Environmental Impact Statement (FEIS) is part of the Project as approved in the Record of Decision. Although nothing in the FEIS or the Record of Decision

2

states that the Project incorporates the soil exposure standards of Table III-15, the Forest Service has not raised this argument and we will not manufacture arguments for the parties. *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009). Table III-15 of the FEIS indicates that project activities will exceed the LRMP's soil exposure thresholds. Because the LRMP's standards are binding as a matter of law, 16 U.S.C. § 1604(i); *see Or. Natural Res. Council Fund v. Goodman*, 505 F.3d 884, 894 (9th Cir. 2007), the Forest Service acted arbitrarily and capriciously by approving a project that will exceed those standards, *see Citizens for Better Forestry v. U.S. Dep't of Agric.*, 341 F.3d 961, 966 (9th Cir. 2003). The record does not support the Forest Service's argument that notwithstanding Table III-15, limitations imposed on the Project in other parts of the record necessarily ensure compliance with the more protective LRMP standards. We therefore reverse the district court's grant of summary judgment in favor of the agency on this claim.

The district court did not err in granting summary judgment in favor of the Forest Service on Navickas's claim that the Project's authorization of timber harvests in the Ashland Research Natural Area violated NFMA. We defer to the Forest Service's reasonable determination of what constitutes a fuels management activity and a fuel treatment method, and to its reasonable determination that a decision to remove trees must have a commercial element in order for the tree

3

removal to be classified as a "timber harvest." *See Earth Island Inst. v. U.S. Forest Serv.*, 697 F.3d 1010, 1013 (9th Cir. 2012). Here the Forest Service reasonably determined that the Project does not have a commercial element, and is a fuels management activity, not a timber harvest. *See Siskiyou Reg'l Educ. Project v. U.S. Forest Serv.*, 565 F.3d 545, 557 (9th Cir. 2009).

Nor did the district court err when it granted summary judgment in favor of the Forest Service on Navickas's claim that the agency failed to perform the required analysis under NEPA. The Forest Service has not ignored "detailed and well-supported conclusions of its own scientists" that analysis must occur on a different scale than the one used, nor was its selection of a geographic scale for analysis otherwise arbitrary. *Idaho Sporting Cong., Inc. v. Rittenhouse*, 305 F.3d 957, 973–74 (9th Cir. 2002). The FEIS explained where permitted treatments will be applied, identifying four "major strategic categories" and their component Plant Association Groups, and explained which treatments will be applied in which areas and to what extent. The Forest Service had no obligation to identify the specific trees that would be removed as part of the Project. We also reject Navickas's NEPA argument that the agency has generated new information, in the form of a map available online, that required supplemental NEPA analysis, because the map

4

merely indicated which parts of the Project have been funded through 2014.

Accordingly, the FEIS satisfied NEPA.

Each party will bear its own costs on appeal.

**REVERSED IN PART, AFFIRMED IN PART, AND REMANDED**